

# The Attorney General of Texas

December 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
State Senatorial District 23
Texas State Senate
Austin, Texas

Opinion No. H- 1313

Re: Authority of a school district to assist teachers called before a hearing committee of the Professional Practices Commission.

Dear Senator Mauzy:

You have requested our opinion regarding the authority of a school district to assist teachers called before a Hearing Committee of the Professional Practices Commission. The Commission is a board composed of 15 members appointed by the Governor and "selected from the several professional groups." Sections 13.203, 13.205, Texas Education Code. The Commission is authorized, inter alia, to receive complaints against teachers, administrators and other professionals for alleged violation of the "code of ethics and standard practices"; to hold hearings thereon; and to present its recommendations to the Commissioner of Education, who makes the determination. You first ask whether a school district is required to deduct paid leave for an employee called as a witness before the Commission.

Article 5, section 2d of the 1977-79 General Appropriations Act provides, in pertinent part:

> None of the moneys appropriated under this Act shall be used for the payment of salaries to any employee who accepts witness fees in contravention of the following provisions:
>
> Any state official or employee called to appear in his official capacity in any judicial action or legislative investigation shall neither accept nor receive any witness fees for such a governmental appearance;

> But if the appearance as a witness is not in an official capacity but is to testify from personal knowledge concerning matters related to the inquiry, then such employee or official shall be entitled to any customary witness fees;
>
> And any state employee or official appearing as an expert witness shall be entitled to accept compensation for his appearance only when such appearance shall be made on his own time; . . . .

General Appropriations Act, Acts 1975, 65th Leg., ch. 872, art. V, $2d, at 3142. These provisions clearly imply that an employee who does not accept a witness fee may be paid his regular salary during his appearance before a committee of the Commission, and that even an employee who accepts a witness fee may be paid his regular salary so long as his "appearance as a witness is not in an official capacity but is to testify from personal knowledge concerning matters related to the inquiry." Even though this provision of the Appropriations Act may not apply to teachers, we believe it expresses the public policy determined by the Legislature, and accordingly a school district would be able to act in a manner which is consistent with this policy. Thus, within the limitations described, we do not believe that a school district is required to deduct paid leave for an employee called before the Commission or its subordinate body.

You also ask whether a school district may pay the attorney's fees before the Commission for an employee against whom a complaint is brought. In Attorney General Opinion H-887 (1976), we held that a city council may pay the attorney's fees for an officer or employee who is sued in his individual capacity, provided it believes that the city's legitimate interests — and not merely the personal interests of the employee — are at stake in the action. The propriety of such expenditure of public funds depends upon the governing body's good faith belief that vital public interests are at issue. Attorney General Opinions H-544 (1975); H-70 (1973); Letter Advisory No. 24 (1973). Since you have not presented us with a particular factual situation, we are unable to answer more specifically.

Your final question is whether a school district may unilaterally release personnel files of either party to either attorney in a hearing before the Commission. A school district is not a party to such a hearing, and we are not aware of any specific statute requiring the district to furnish information to the parties. The Open Records Act, article 6252-17a, V.T.C.S., does not generally prohibit the release of government records. Open Records Decision No. 177 (1977). Any document should be reviewed to determine if it would fall within the exception set out in section 3(a)(1) of the Act. If it does fall within that exception it should not be released. Without having an opportunity to examine the specific material we cannot say whether it falls within the exception.

## S U M M A R Y

Within certain limitations, a school district is not required to deduct paid leave for an employee called before a hearing committee of the Professional Practices Commission.  Whether a school district may pay the attorney's fees before the commission for an employee against whom a complaint is filed depends upon whether the board of trustees believes in good faith that the district's legitimate interests are at stake.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn